CAUDILL ET AL. *v.* VILLAGE OF MILFORD.

**2**

(No. 35296—Decided March 1, 1967.)

Common Pleas Court of Clermont County.

*Messrs. Douglas & Carlier*, for plaintiff.
*Messrs. Walker, Bradford & Hill*, for the village.

NICHOLS, J. This case is before the court on a petition for a declaratory judgment testing the validity of Ordinance No. 151 of the village of Milford, Clermont County, Ohio. The plaintiffs, Caudill and Helm, are the owners of real estate in said village and have contracted the sale of their property to the Imperial Refineries Corporation for the purpose of establishing a filling station. The property is located on U. S. Route 50 at the eastern edge of the village of Milford somewhere between the Milford Shopping Center and the junction of U. S. Route 50 and State Route 28. It is a very heavily traveled roadway and is located in a part of the village of Milford zoned as B-1, General Business District. The uses permitted in the B-1 zoning included all residential uses such as are included in R-1, 2, 3, and 4 of the zoning ordinance and in addition some 21 separate designated types of businesses, many of which items includes different businesses and totalling to some sixty-five specified uses. Included among the uses are: Rooming houses, hotels, restaurants, motels, cafes, soda fountain, lunchroom, retail store or shop, repair shop, beauty parlor, barber shop, mercantile establishment, bank, office or building, indoor and outdoor theaters, churches, schools, colleges, museums, community centers, gasoline filling station including repairing of motor vehicles; garage for storage and repair of motor vehicles, grocery, vegetable store, drug store, laundry, food locker business or professional office, outdoor advertising as regulated in this ordinance; retail feed and grain store, neighborhood and

regional shopping centers, telephone exchanges, ticket offices for railroad, bus and aviation lines; and bus, railroad terminals, parking lot; parking garage; skating rink, dance hall; bowling alley; funeral home; miniature golf course; laundry; pool or billiard hall, public utility stations or substations or terminals, radio and television broadcasting stations, storage yard, bottling works, ice plant, trucking contractor's garage, commercial base ball fields, swimming pools, golf driving ranges, sheet metal and sign painting shop; commercial greenhouse and warehouses. So it will be seen that this territory included a vast and varied amount of business uses.

The plaintiffs filed application for a zoning certificate and a building permit. They were not permitted to establish the filling station on the basis that it was in violation of Ordinance No. 151. There is no contention but that the plans submitted to the building and zoning inspector who is one and the same person, were in conformity to state law and the building regulations of the village insofaras it applied to filling stations. There was some statement by the inspector that he did not give a complete examination of the plans, therefore, he would not issue the permit because of the aforementioned ordinance. So this court is going on the assumption that the plans are or would be made in conformity with all lawful building regulations of the state and village insofaras they apply to filling stations.

It will be noted that among those businesses authorized to be conducted in B-1 territory, included churches, schools, theaters (both indoor and out) and gasoline filling stations. Ordinance No. 151 which was passed on June 17, 1958 has an emergency ordinance which sets out that because of odors, fumes, danger of fire, explosion, noise or traffic problems, incident to the operation of filling stations, that are concentrated in any area detrimental to the peace, safety, health and welfare of the public; and it provided that no filling station shall be located within 150 yards of the property of any church, hospital, school or any institution or hall where the public would congregate in large numbers or any such station be erected or located within 150 yards of any other service station, filling station or gasoline storage place.

The plaintiffs claim that insofaras this ordinance affects their property that there is confiscation which is arbitrary and unreasonable and the ordinance is unconstitutional being a tak-

ing of plaintiffs' property without the due process of law and the failure to afford plaintiffs equal protection of the law and the court is asked in this proceeding to declare said ordinance unconstitutional.

Evidence was presented on behalf of the plaintiffs to the effect that there was little or no odor coming from a filling station, that the fumes that resulted in the filling of the tanks of automobiles was insignificant and that the danger of fire and explosion were less than in many other types of business and that likewise, the noise and traffic problems created by filling stations were quite minimal and were not greater than any other type of business normally permitted in this section of the village. The ordinance on its face stated that the concentration of filling stations in any area would be detrimental to the peace, safety, health and welfare of the public.

It was stated in the opening statement of the attorneys for the village that a, and probably the purpose of the enactment of the ordinance was to stop the establishment of a "Gasoline Alley" along U. S. Route 50 at the edge of the village, and it seems to the court that where they state in the ordinance itself that the concentration of filling stations would be detrimental to peace, safey, health and welfare of the public, they establish that no two filling stations should be located within 150 yards of each other, that the primary purpose of this ordinance was to limit the number of filling stations in this particular area.

The court does not feel it necessary to go into the theory of zoning or to question the right of the county, township or municipality to enact proper zoning ordinances. That question has been decided many times by all of the courts of the land. Likewise, there is no dispute of the fact that a zoning ordinance on regulation of the use of land by the zoning or restricting ordinance is to a certain extent a taking of the property and, therefore, is protected by both Federal and State constitutions.

The question before the court is whether or not this particular ordinance is unreasonable and in effect prohibits the use of the property of the plaintiffs for a legitimate business use and thereby deprives them of their property arbitrarily and without due process of the law. The court could cite many cases involving these questions but suffice to say that the legislative body of any governmental territory and particularly a council or a village, has the right to state in which location cer-

tain types of businesses may be located. In other words, they might divide their community in residential districts, business districts, and industrial districts and provide for the type of home that may be erected in different areas of the residential section and provide which types of businesses may be established in the various business districts, and with certain restrictions that can prohibit certain types of business or industry in their community. This was done in the Milford Zoning Ordinance by prohibiting the use of any slaughter houses, acid manufacture, cement or lime manufacture, and this, of course, the court feels was in their proper discretion. It has been pointed out that in the general business district there was permitted both the establishment of filling stations and churches, schools and theaters which, of course, would be institutions or halls where the public would congregate in large numbers. So when Ordinance No. 151 was later enacted it was an attempt to restrict the establishment of one particular type of business that had already been permitted to operate in this particular territory.

The evidence as to the odor of fumes, and danger of fire, was not, certainly, established by the village. As a matter of fact, it was established rather clearly on behalf of the plaintiff that such a situation did not exist.

These are cases, most of them a good many years ago, which did restrict the location of filling stations to be a certain distance away from schools and churches, or other similar types of institutions, but it has been regularly held that by, in the guise of zoning, a municipality does not have the right to limit the number of business institutions.

Certainly, it would not be proper for the village to enact an ordinance to state that there should be only one restaurant in this particular general business district, or one of any other type of business.

If the ordinance had read solely that a filling station should not be within a certain distance of a church, hospital, school, or public hall, the problem before the court would be somewhat more difficult. However, here it includes a provision that should not be located within 150 yards of any other service station, then the purpose of the ordinance becomes quite apparent, and it is for the primary purpose of restricting and limiting the number of filling stations.

This, the court feels, is beyond the power of the village,

6

and does constitute a taking of the plaintiff's property without due process of law, and without compensation.

It was suggested by the attorneys for the plaintiff that the case in this court, the title of *State, ex rel. Conover, v. Fenstermacher*, being case number 29016, is entirely determinative of this subject, and the matter is res judicata inasmuch as the court in that case issued a writ of mandamus, compelling the defendant, the zoning inspector, to issue a permit to the American Oil Company to establish an oil station in the same general territory, and which property was within 150 yards of another gasoline station and was within 150 yards of a school, and I believe, a church.

The court feels that this case is not absolutely binding on this court. It does have many points in common, and is certainly persuasive in this matter.

There are many more reasons why a permit should have been issued to the plaintiffs in this case than to the ones in the prior case; namely, that there was more traffic concentration in the first case; it was much closer to another filling station; it was much closer to a church and school.

The present property is not within 150 yards of a church, school, hospital, or institutions were large public gatherings would be held, and the only basis for the refusal to issue the permit is that it is within 150 yards of another filling station.

The court, therefore, feels that the prayer of the petition for declaratory judgment should be granted; that Ordinance No. 151 of the village of Milford is in violation of both the Constitution of the state of Ohio and the Constitution of the United States and is void.

Entry to this effect may be drawn up by the attorneys for the plaintiff.